No. 12,180.

## S. W. VANCE VS. FIRST NATIONAL BANK OF SHREVEPORT.

Interest in excess of legal interest was deducted from an account though closed. Other items charged in error were deducted.

Values, held as collateral security, transferred to third persons by the creditor, it was held, should be returned, or their value deducted from the amount of the creditor's claim.

APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

*Leonard & Randolph* and *F. G. Thatcher* for Plaintiff, Appellee.

*Wise & Herndon* for Defendant, Appellant.

Argued and submitted June 5, 1896.
Opinion handed down June 20, 1896.
Rehearing refused January 4, 1897.

### STATEMENT OF THE CASE.

The defendant brought suit to foreclose a mortgage.

The plaintiff obtained an injunction on the ground that he was not indebted to defendant's transferee.

The notes secured by the mortgage were past due on the day of transfer to the defendant. They are subject to the equities the plaintiff might have pleaded against the original holder.

The mortgage by the defendant was executed in favor of a merchant who had made advances to the plaintiff. He also transferred a second note, secured by mortgage on other property, and a deed of trust to lands in Arkansas, as collateral security. The merchant, holder of these values, transferred them to his creditors.

The merchant transferred to the defendant, as collateral security, the mortgage and notes identified with the act of mortgage.    In the account interest had been computed at twelve per cent.; besides the merchant had, in error, charged the plaintiff with items of indebtedness he did not owe.    The accounts between the plaintiff and the merchant had been acknowledged by the former.

The mortgage was executed with the view of obtaining advances, and the parties did not transact with any special intention of securing the amount.

The  court reduced  the interest from twelve per cent. to five per cent., although the plaintiff had a number of times, at different dates, acknowledged that the account rendered to him was correct.

The items erroneously charged were deducted from the account, and, consequently, from the amount of the mortgage, which had been executed in favor of the merchant, the original transferrer to the defendant.

With reference to the collateral deposited by the plaintiff with the merchant, and by the merchant transferred to third persons, the court held that their value should be fixed and credit given to the plaintiff of the amount of this value.

To the merchant or his transferee the defendant was reserved the right of surrendering the notes and deed of trust, and upon that surrender, they, or either, to be relieved from the necessity of having the claim reduced on account of the notes and deed of trust outstanding.

If, on the other hand, the defendant or the merchant did not produce and surrender the notes and deed of trust, then, in that case, the value was to be ascertained and the defendant or the merchant was to be charged with the value so ascertained.

The injunction was dissolved and a decree rendered in accordance with the court's opinion.